UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
GREGG MILLHEISER,

                Plaintiff,

                                    COMPLAINT

                                    06 Civ. 11443 (SCR)   "*ECF Case*"

   -against-

COLUMBIA UNIVERSITY,

                Defendant.
-----------------------------------------------------------------

      Plaintiff, through his attorney Michael D. Diederich, Jr., complains of defendant as follows:

## THE PARTIES

1.    Plaintiff Gregg Millheiser is, and was at all times relevant herein, a citizen of the United States and a resident of the hamlet of New City, Town of Clarkstown, County of Rockland, State of New York.

2.    Defendant Columbia University (hereinafter "defendant" or "Columbia"), upon information and belief, is and at all times relevant herein, was a university organized and existing under the laws of the State of New York, with principal offices located at New York, New York.

3.    Defendant is an employer within the meaning of Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101 et. seq., the Age Discrimination in Employment Act, 29 U.S.C.A. § 621, et seq. ("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e ("Title VII"), and corresponding New York law.

4.    Upon information and belief, defendant has, at all times herein relevant, been authorized to conduct business in the states of New York.

## JURISDICTION AND VENUE ALLEGATIONS

5. This court has jurisdiction over this action under 42 U.S.C.A. § 12101 et. seq., 29 U.S.C.A. § 621, et seq., 29 U.S.C. Chap 28, 42 U.S.C. 2000e ("Title VII"), and under 28 U.S.C. § 1331 and § 1343(4), and supplemental jurisdiction under New York law.

6. Plaintiff resides in Rockland County, New York, and therefore venue is proper in this district.

## FACTUAL ALLEGATIONS

*Background*

7. Plaintiff resides, and has at all times relevant herein resided, in the Town of Clarkstown, Rockland County, New York.  Plaintiff is over 40 years of age, male, and Caucasian.

8. Plaintiff believes that he was discriminated against by defendant Columbia on the basis of a) his gender, b) his age and, especially, c) his psychological disability and perceived psychological disabilities.

9. Upon information and belief, Plaintiff was employed by Columbia for only a short time before plaintiff's coworker, a much younger Afro-American woman, perceived plaintiff's psychological condition, namely, Obsessive-Compulsive Disorder, and thereafter pursued a course of conduct including harassment and other actions designed to induce her superiors to terminate like his employment.

*Employment Discrimination*

10. Upon information and belief, the Afro-American woman believed that based upon her longevity, her union membership, and her race, that she could act with impunity towards a person whom she regarded as a "strange" older Caucasian male.

11. She began a course of conduct which included constantly insulting plaintiff, telling him that he "smelled," telling him that he is a "f -- g mental case," telling him not to talk to her (even though plaintiff was assigned to supervise her work) and making fun of his idiosyncrasies, which idiosyncrasies were a direct and obvious result of his psychological disability, namely, Obsessive Compulsive Disorder.

12. Plaintiff was discriminated against and terminated by Columbia due to the action of this Afro-American coworker, without conducting a reasonable and proper investigation of the matter.

13. Plaintiff's psychological illness is a significant psychological problem which he has had throughout his life, and which limits his major life activities in a number of ways, and in particular interferes with various aspects of social intercourse and socialization.

14. However, plaintiff's psychological illness had no bearing whatsoever on his ability to perform the duties which he was hired to perform for defendant Columbia University.

15. Upon information and belief, plaintiff was wrongfully made a victim of the bias which his Afro-American subordinate harbored toward Caucasian men placed in a supervisory role, and toward people with perceived psychological disability.

16. Upon information and belief, individuals suffering from Obsessive Compulsive Disorder are frequently regarded by unknowledgeable and uninformed people as being "strange," abnormal, different, and someone to be shunned and avoided.

17. As a result, such individuals suffering from this disability are frequently the target of harassment, disdain, shunning, and elimination from the social group (and termination of employment if this can be achieved), and have difficulty finding employment.

18. Upon information and belief, notwithstanding the short duration of his employment, plaintiff was, during this time, an exemplary employee of Columbia.

19. Upon information and belief, Plaintiff met and exceeded all skill and professional requirements for the position which he was hired to perform, namely, accountant.

20. Upon information and belief, there was no bona fide business reason for terminating plaintiff's employment.

21. Upon information and belief, one of the reasons plaintiff's employment was terminated was his revealing to defendant's Ombudsman that plaintiff suffered from Obsessive Compulsive Disorder.

22. Additionally, plaintiff suffers from extreme allergies, and debilitating reactions to various allergens, which fact plaintiff made known to defendant before his termination, and after he was exposed to allergens in the workplace.

23. Upon information and belief, defendant perception of plaintiff as being disabled by his allergies may also have motivated its wrongful termination of plaintiff's employment, as well as defendant's retaliation for plaintiff's complaint of an environmentally hazardous workplace.

*Damages*

24. Upon information and belief, plaintiff has not been comparably employed since the termination by defendant.

25. Upon information and belief, plaintiff has particular difficulty in finding employment because he has a psychological disability which is usually apparent to people interviewing him for employment.

*"Right to Sue" Letter*

26. Plaintiff has filed a timely charge of race discrimination with the Equal Employment Opportunity Commission and brings this action within ninety (90) days of the receipt of a Notice of Right To Sue, issued by the EEOC and dated September 1, 2006, a copy of which is attached hereto as <u>Exhibit</u> "1."

**FIRST CAUSE OF ACTION—
DISABILITY DISCRIMINATION,
IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT of 1990,
42 U.S.C.A. § 12101 et. seq.**

27. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above.

28. Plaintiff's employment was terminated, in substantial part, due to his psychological and physical disabilities, defendant's perception that plaintiff was disabled, and plaintiff's record or disability.

29. As a proximate result of defendant's discrimination against plaintiff on the basis of his disability and a record or perception of disability, plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

30. As a further proximate result of defendant's actions, plaintiff has suffered and continues to suffer impairment and damage to plaintiff's good name and reputation by defendant.

31. As a further proximate result of defendant's actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

32. The conduct of defendant was outrageous and malicious, was intended to injure plaintiff, and was done with reckless indifference to plaintiff's protected civil rights, entitling plaintiff to an award of punitive damages.

33. Wherefore, plaintiff seeks relief.

## SECOND CAUSE OF ACTION –
## AGE DISCRIMINATION

34. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above.

35. Upon information and belief, defendant discriminated against plaintiff on the basis of plaintiff's age, in the terms and conditions of plaintiff's employment, resulting in his wrongful termination.

36. Plaintiff has been damaged thereby.

37. Plaintiff is consequently entitled to compensatory and liquated damages, together to with other authorized relief.

## THIRD CAUSE OF ACTION—
## GENDER AND RACE DISCRIMINATION IN
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

38. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above.

39. Upon information and belief, defendant's discriminated against plaintiff on the basis of his gender, and his race.

40. Upon information and belief, this discrimination was demonstrated by condoning, and authorizing, the biased and abusive actions of plaintiff's subordinate worker, and by terminating plaintiff's employment.

41. Plaintiff was damaged thereby.

## FOURTH CAUSE OF ACTION—
## RACE DISCRIMINATION IN
## VIOLATION OF 42 U.S.C. § 1981

42. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above.

43. Upon information and belief, defendant's discriminated against plaintiff, and altered the terms of plaintiff's contract with it, on the basis of plaintiff's race.

44. Plaintiff was damaged thereby.

## FIFTH CAUSE OF ACTION—
## VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW

45. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above.

46. Upon information and belief, in discriminating against plaintiff based upon plaintiff's physical disability, his gender, his race and his age, defendant caused plaintiff damage, in violation of the anti-discrimination provisions of New York State law, including the N.Y.S. Human Rights Law.  See, N.Y.S. Executive Law, article 15.

47. Plaintiff was damaged thereby.

## SIXTH CAUSE OF ACTION—
## RETALIATION AND REPRISAL

48. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above.

49. Upon information and belief, at the time of his termination, plaintiff was retaliated against.

50. Plaintiff was damaged thereby.

WHEREFORE, plaintiff prays that this Court grant judgment to him containing the following relief:

    a.    An award of plaintiff's actual damages in an amount not less than $3,000,000 for loss of wages, benefits, and promotional opportunities, including an award of back pay for all lost salary, and front pay compensating plaintiff for loss of future salary and benefits;

    b.    An award of damages in an amount not less than $2,000,000 to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional injury;

    c.    An award of punitive damages;

    d.    An order enjoining defendant from engaging in the wrongful practices alleged herein and to provide plaintiff with a reasonable accommodation;

    e.    An award of liquidated damages on plaintiff's age discrimination claim;

    f.    An award of reasonable attorneys' fees and the costs of this action; and

    g.    Such other and further relief as this Court may deem just and proper.

### Jury Demand

Plaintiff requests trial by jury in this action.

Dated: Stony Point, New York
      October 27, 2006

                                    /S/
                          MICHAEL D. DIEDERICH, JR.
                          *Attorney for Plaintiff*    (MD 2097)
                          361 Route 210
                          Stony Point, NY 10980
                          (845) 942-0795